1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

9  JAMES BELL,                                        1:12-cv-01540-BAM (HC)

10                    Petitioner,              ORDER DISMISSING PETITION FOR WRIT
                                               OF HABEAS CORPUS WITHOUT
11         v.                                  PREJUDICE

12                                             [ECF No. 1]
   PAUL COPENHAVER,
13
                      Respondent.
14 _____/

15
        Petitioner is a federal prisoner proceeding pro se in a habeas corpus action pursuant to 28
16
   U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction
17
   of the United States magistrate judge.  Local Rule 305(b).
18
                              **RELEVANT HISTORY**
19
        Following a jury trial in the United States District Court for the Middle District of
20
   Tennessee, case number 3:96-cr-00128, Petitioner was convicted of one count of conspiracy to
21
   commit carjacking in violation of 18 U.S.C. § 371; six counts of carjacking in violation of 18
22
   U.S.C. § 2119; six counts of using or carrying a firearm during a crime of violence in violation of
23
   18 U.S.C. § 924(c)(1); and aiding and abetting in violation of 18 U.S.C. § 2.  Answer,
24
   Declaration of Jennifer Vickers Declaration (hereinafter "Vickers Decl."), at ¶ 5.
25
        On May 30, 1997, Petitioner was sentenced to a 1,410-month term of imprisonment and
26
   ordered to pay a special assessment of $650 and $12,099.50 in restitution.  Vickers Decl., at ¶ 6.
27
28

1

1   As reflected on the judgment and commitment order, the sentencing court ordered that

2   "Restitution is due immediately." Id.

3       Petitioner filed the instant petition for writ of habeas corpus on September 19, 2012 and

4   challenges the collection of restitution payments ordered in his underlying criminal case through

5   the Inmate Financial Responsibility Program (IFRP).  More specifically, he contends the BOP

6   lacks a lawful restitution order to collect restitution because the sentencing court ordered

7   immediate payment without consideration of his financial status. (Pet. at 3.)

8        Respondent filed an answer to the petition on December 3, 2012, and Petitioner filed a

9   traverse on January 28, 2013.

10                              **DISCUSSION**

11      I.      Venue

12      Writ of habeas corpus relief extends to a person in custody under the authority of the

13  United States.  See 28 U.S.C. § 2241.  Writ of habeas corpus relief is available if a federal

14  prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the

15  United States." 28 U.S.C. § 2241(c)(3).  Petitioner is currently incarcerated at the United States

16  Penitentiary in Atwater, California.  Since Atwater is located within the Eastern District of

17  California, venue is proper in this Court.

18      II.     Subject Matter Jurisdiction

19      Respondent contends Petitioner's challenge to the ordering of his restitution to be payable

20  "in full immediately" without consideration of his financial circumstances, is a challenge to the

21  judgment and sentence, and the proper forum for such challenge is on direct appeal.  In support

22  of his argument, Respondent cites to the Ninth Circuit's recent decision in Ward v. Chavez, 678

23  F.3d 1042, 1044 (9th Cir. 2012), which held that "where the sentencing court failed to consider

24  whether the defendant has the financial resources to pay restitution immediately, ordering

25  immediate payment impermissibly delegates to BOP the court's obligation to set a payment

26  schedule." Respondent argues Ward is distinguishable because the court did not consider

27  jurisdiction since the Government waived such argument by failing to assert it.  Id. at 1052 n.6.

28

1    The Court does not find Respondent's argument persuasive.  Because in Ward the Ninth

2    Circuit reviewed on the merits the exact challenge Petitioner raises in the instant petition, this

3    Court finds no authority to determine subject matter jurisdiction is lacking.  Indeed, the Ninth

4    Circuit has allowed challenges to the execution of a prisoner's sentence by way of § 2241.  See

5    Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam) ("petitions that challenge

6    the manner, location, or conditions of a federal sentence's execution must be brought pursuant to

7    § 2241 in the custodial court."); Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990); Montano-

8    Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (allowing a federal prisoner

9    to use § 2241 to challenge the BOP's restitution policies).  Thus, Petitioner's assertion that the

10   BOP is unlawfully withdrawing funds from his prison account without the sentencing court

11   taking into consideration his financial circumstances into consideration when it ordered the full

12   amount of restitution due in full immediately, is a challenge to the execution of his sentence

13   which, for a federal prisoner, is maintable only in a habeas corpus proceeding.

14       III.     Exhaustion of Administrative Remedies

15       Before filing a petition for writ of habeas corpus, a federal prisoner challenging any

16   circumstance of imprisonment must first exhaust all administrative remedies.  Martinez v.

17   Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308,

18   1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983).  The requirement that

19   federal prisoners exhaust administrative remedies before filing a habeas corpus petition was

20   judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir.

21   1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional."  Id.  If

22   Petitioner has not properly exhausted his claims, the district court, in its discretion, may either

23   "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his

24   administrative remedies before proceeding in court."  Id.

25       The Bureau of Prisons has established an administrative remedy procedure governing

26   prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq.  First, an inmate

27   must attempt to resolve the issue informally by presenting it to staff before submitting a Request

28   for Administrative Remedy.  28 C.F.R. § 542.13 (1999).  If dissatisfied with the response, the

3

1    prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R.

2    § 542.14 (1999).  Upon denial by the institution, the prisoner may appeal the decision by filing a

3    complaint with the Regional Director of the BOP.  28 C.F.R. § 542.15 (1999).  The Regional

4    Director's decision may be appealed to the General Counsel in Washington, D.C.  Id.  Appeal to

5    the General Counsel is the final step in the administrative remedy process.  Id.

6         Respondent argues that Petitioner failed to complete the exhaustion process by failing to

7    appeal to the General Counsel in the Central Office.  However, Petitioner argues that exhaustion

8    would be futile and should therefore be waived.  Respondent contends that exhaustion would not

9    be futile in this instance because Petitioner's challenges do not affect the fact or duration of his

10   confinement and the requirements of Section 1997e(a) of the Prison Litigation Reform Act

11   ("PLRA") apply.  Respondent further argues that the petition should be dismissed without

12   prejudice to exhaust the administrative remedies prior to filing suit under the Ward decision.

13        Section 1997e(a) governs the exhaustion of civil rights actions "brought with respect to

14   prison conditions . . . ."  However, for the reasons explained supra in relation to subject matter

15   jurisdiction, the Court finds the instant action was correctly brought as a habeas petition under §

16   2241 because it challenges the execution of his sentence based on the collection of his restitution

17   fine by the BOP.  Tucker v. Carlson, 925 F.2d at 331; Montano-Figueroa v. Crabtree, 162 F.3d at

18   549; see also Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004) (holding the PLRA does

19   not apply to habeas petitions brought under § 2241).  Accordingly, exhaustion is not mandated by

20   section 1997e(a).

21        Respondent argues that Petitioner's claim could and should have been raised during his

22   direct appeal.  However, Petitioner's sole claim is based on the decision in Ward, which was

23   decided several years after Petitioner's direct appeal was filed and, as explained *supra*,

24   Petitioner's challenge is more properly raised as a challenge to the execution of his sentence

25   which is not cognizable by way of direct appeal.

26        However, the Court finds that given the nature of the current case law complete

27   exhaustion of the administrative remedies would not be futile in this instance.  As previously

28   stated, in Ward v. Chavez, the Ninth Circuit held that "where the sentencing court failed to

1  consider whether the defendant has the financial resources to pay restitution immediately,

2  ordering immediate payment impermissibly delegates to BOP the court's obligation to set a

3  payment schedule." 678 F.3d at 1044.   The Ninth Circuit excused Ward's failure to exhaust the

4  administrative remedies in that case finding that further administrative review beyond the first

5  level would have been futile because the denial was based on policy.  It further noted that the

6  sentencing court had acknowledged that its restitution order was unlawful, yet the BOP continued

7  to collected restitution from Ward which demonstrated that BOP was acting pursuant to its

8  official policy of the IFRP.  Id. at 1046.

9       In this instance, the Court finds that Petitioner should seek further administrative review

10  in light of the Ward decision.  Although the Ward decision was issued prior to the second

11  administrative decision issued September 26, 2012, the formal mandate in Ward was not issued

12  until October 29, 2012, and until a mandate is issued, a case is not closed and parties may

13  petition the court for rehearing.  See United States v. Foumai, 910 F.2d 617, 620 (9th Cir. 1990);

14  Carver v. Lehman, 558 F.3d 869, 878-879 (9th Cir. 2009) (as amended).  Since the mandate has

15  issued, the Ward decision is now "settled" Ninth Circuit authority, and the BOP may reconsider

16  its policy in accordance with the decision.  To this end, Correctional Counselor, William Van

17  Horn, declares:

18       An inmate's financial plan is reviewed by his Unit Team during each
     Program Review, which occurs at least once every 180 days.  Inmates who believe
19   their court-ordered restitution may be an invalid debt are advised that, at their next
     scheduled Program Review, they should present their Unit Team with
20   documentation demonstrating that the sentencing court failed to consider their
     financial circumstances.  In light of the Ninth Circuit's decision in Ward v.
21   Chavez, 678 F.3d 1042 (9th Cir. 2012), BOP Unit Team members can now seek
     guidance from BOP legal staff, to assess whether or not the inmate's situation is
22   covered under Ward.  For example, staff can entertain a review of the evidence
     provided by an inmate, e.g., a sentencing transcript, to assess whether the
23   sentencing court considered the inmate's financial resources when rendering the
     restitution order or whether the inmate appealed such order, etc.  The Unit Team
24   has an open door policy from 2:30 pm. and 3:45 p.m., Monday through Friday.  At
     those times, any inmate can discuss any matter with a Unit Team member.  If an
25   inmate does not have a Program Review scheduled for several months, he can
     raise any issue with the Unit Team at this time.

26  Answer, Declaration of William Van Horn, ¶ 11.  Thus, it appears likely that the BOP will

27  review a further grievance in consideration of the Ward decision.  Given the circumstances of

28

5

this case, the Court finds that excusing Petitioner from seeking further administrative review would encourage the deliberate bypass of the BOP's administrative review process, and exhaustion should not be excused.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.     The instant petition for writ of habeas corpus is DISMISSED without prejudice; and

2.     The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated:     **April 17, 2013**                          /s/ **Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE